IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CLAYTON CROSBY                                                          PLAINTIFF

v.                          Case No. 3:23-cv-00242-KGB

PRODUCTIVE STAFFING LLC                                           DEFENDANT

## ORDER

Before the Court are plaintiff Clayton Crosby's motion for default judgment (Dkt. No. 7) and defendant Productive Staffing, LLC's ("Productive Staffing") motion to set aside default judgment (Dkt. No. 10). Productive Staffing has responded to Mr. Crosby's motion for default judgment (Dkt. No. 13), and Mr. Crosby has responded to Productive Staffing's motion to set aside entry of default (Dkt. No. 14). For the following reasons, the Court denies Mr. Crosby's motion for default judgment and grants Productive Staffing's motion to set aside default judgment (Dkt. Nos. 7; 10).

### I.    Background

Mr. Crosby filed his complaint against Productive Staffing on November 11, 2023, asserting a cause of action under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*., arising from his alleged termination (Dkt. No. 1, ¶¶ 29–35). Mr. Crosby filed a motion for entry of default on May 8, 2024 (Dkt. No. 4). A Clerk's default was entered the same day (Dkt. No. 5).

On May 24, 2024, Janet McNece, Productive Staffing's sole owner and member, filed a *pro se* response to the entry of default. Ms. McNece attached to the response a letter that she sent to Mr. Crosby's attorney dated December 18, 2023, that responded to the summons and complaint (Dkt. No. 6). Ms. McNece acknowledges that she failed to send this letter to the Court but states

that it is because she has "never received a case such as this, so I am not well versed in the protocol." (Dkt. No. 6, at 1).

On September 10, 2024, Mr. Crosby filed a motion for entry of default judgment asserting that Ms. McNece's *pro se* response to the complaint was inadequate because a corporate defendant may not proceed before the Court *pro se* (Dkt. No. 7, ¶ 7). Mr. Crosby moved for default judgment against Productive Staffing for $53,978.19 in damages under the FMLA (*Id.*, ¶ 25).

Productive Staffing filed a response to the motion for entry of default judgment denying that the entry of default was proper (Dkt. No. 13, ¶ 4). Productive Staffing asserts that Ms. McNece responded to the complaint by filing a response with the Court and sending the response to Mr. Crosby's counsel (*Id.*, ¶ 5). Further, Productive Staffing maintains that the issue of its lack of counsel was cured by counsel's entry of an appearance on Productive Staffing's behalf on September 26, 2024 (*Id.*, ¶ 6). Productive Staffing contends that it has meritorious defenses to Mr. Crosby's claims because he did not respond to phone calls and did not attempt to return to work but continued to be on insurance provided through Productive Staffing through the end of October (*Id.*, at 5). It attaches the declaration of Ms. McNece to support its claim of meritorious defenses (Dkt. No. 13-1). Finally, Productive Staffing asserts that Mr. Crosby has not suffered prejudice (Dkt. No. 13, at 5).

On September 26, 2024, Productive Staffing's counsel entered an appearance in the case and filed a motion to set aside the entry of default (Dkt. Nos. 8; 10). In the motion to set aside entry of default, Productive Staffing contends that there are meritorious defenses to the complaint including, but not limited to, Mr. Crosby refusing the opportunity to come back to work at the same place and failing to communicate with and respond to Productive Staffing (Dkt. No. 10, ¶ 5). Productive Staffing also asserts defenses to the damages claim (*Id.*). Productive Staffing also

maintains that Mr. Crosby has not sufficiently pled eligibility to obtain a default judgment (*Id.*, ¶ 6). Productive Staffing points out that it has now hired counsel to represent it, and counsel has filed the motion to set aside the entry of default proactively as a first step (*Id.*, ¶ 8).

Mr. Crosby filed a response to Productive Staffing's motion to set aside entry of default (Dkt. No. 14). In his response, Mr. Crosby contends that he is entitled to entry of default because Productive Staffing is a corporation and must be represented by counsel and because Mr. Crosby would have moved to strike Ms. McNece's letter from the Court, if it had been filed (*Id.*, ¶ 8). Mr. Crosby argues that he has stated sufficient facts to state a claim under the FMLA (*Id.*, ¶¶ 9–10). Mr. Crosby argues that he would be prejudiced by the Court excusing the default because of Productive Staffing's "willful failure to appropriately retain counsel to defend itself" and the delay, which was due to its "ignorance to its responsibilities and obligations under the law" (*Id.*, ¶¶ 19–33).

## II.    Legal Standard

Although a motion to set aside an entry of default typically involves consideration of the same factors as a motion to set aside default judgment pursuant to Federal Rule of Civil Procedure 60(b), relief from a mere default entry does not require as strong of a showing as excuse from a default judgment. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). There is a distinction because "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Id.* at 784. The judicial preference is to adjudicate claims on the merits. *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993).

"Traditionally, in deciding issues of this kind, our court and others have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has

3

a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Johnson*, 140 F.3d at 783. Essentially, the court must determine whether good cause exists to set aside default and allow the defendant to proceed on the merits. *See* Fed. R. Civ. P. 6(b), 55(c).

The Court determines that good cause exists to set aside the default as to Productive Staffing. As to the issue of Productive Staffing filing a *pro se* response, while it is settled law that a corporation must be represented by counsel, that issue was resolved in this case when counsel entered an appearance. There is no longer any ground to grant a motion for default judgment based on Productive Staffing's prior lack of counsel (Dkt. No. 8). *See S & K Mfg., Inc. v. Hoffman Int'l, LLC*, Case No. 4:07CV02024AGF, 2008 WL 363475, at *1 (E.D. Mo. Feb. 6, 2008) (determining that motion to dismiss should be denied and LLC should be granted additional time to retain counsel). When evaluating delay, the Eighth Circuit's cases have consistently sought to distinguish between "contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines." *Johnson*, 140 F.3d at 784. The Court does not view Ms. McNece's attempt to respond to the complaint as an intentional delay or disregard for procedural rules. The Court considers the four-month delay caused by Productive Staffing's failure to file a timely answer as a marginal failure to comply with the time requirements that will not substantially affect the progression of this case. Further, Productive Staffing has come forward with what appear at this stage in the proceedings on the record before the Court to be potentially meritorious defenses, and it is the Court's preference to resolve this matter on the merits. Given all the facts and circumstances of this matter, the Court determines that the delay of Productive Staffing to answer timely was the result of excusable neglect.

Mr. Crosby urges the Court to look at four factors to determine whether the neglect is excusable including the possibility of prejudice; the length of the delay and the potential impact on the judicial proceedings; the reason for the delay, including whether the delay was within the party's reasonable control; and whether the party acted in good faith (Dkt. No. 14, ¶ 27 (citing *Kurka v. Iowa County, Iowa*, 628 F.3d 953, 959 (8th Cir. 2010)). The Court, in performing its "good cause" analysis, has considered all four of these factors and determines that the neglect here is excusable.

### III.    Conclusion

The Court denies Mr. Crosby's motion for default judgment (Dkt. No. 7) and grants Productive Staffing's motion to set aside default judgment (Dkt. No. 10). The Court hereby vacates the Clerk's entry of default (Dkt. No. 5). Productive Staffing is ordered to file a response to the complaint within 14 days of the date of this Order.

So ordered this the 8th day of September, 2025.

Kristine G. Baker
Chief United States District Judge